UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COURTNEY A. HAYES, No. 13401-025

    Petitioner,

  v.

ERIC WILLIAMS, Warden,

    Respondent.

Case No. 20-cv-932-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Courtney A. Hayes's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). Hayes is incarcerated at the Federal Correctional Institute at Greenville, Illinois, where respondent Eric Williams is the warden. Hayes is challenging his sentence on the grounds that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016),[1] he was erroneously sentenced as a career offender under United States Sentencing Guideline Manual ("U.S.S.G.) § 4B1.1.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

---

[1] Although he does not mention *Mathis* by name, that is the case clarifying how the categorical approach applies to the question of whether a prior conviction qualifies to support recidivism enhancements.

**I.     Background**

In June 2016, Hayes was charged in the United States District Court for the Southern District of Illinois with possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  *See United States v. Hayes*, No. 16-cr-40063-MJR.  He pled guilty to the charge, and on February 3, 2017, was sentenced to serve 151 months in prison.  In selecting this sentence, the Court found under the advisory sentencing guidelines that the petitioner was a career offender under U.S.S.G. § 4B1.1 (Supp. 2015) based on prior Illinois state felony convictions for manufacturing or delivering 30 to 500 grams of cannabis (2003); manufacturing or delivering 1 to 15 grams of cocaine (2005); and possessing a controlled substance with intent to distribute (2010) (PSR ¶¶ 26, 51, 52 & 53).[2]  His career offender status established his total offense level of 29 and his criminal history category of VI[3] where the advisory guideline sentencing range was 151 to 188 months.  The Court sentenced Hayes to serve 151 months in prison, within the statutory range of no more than 20 years.  Hayes did not appeal this sentence and he has not filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

On June 23, 2016, the United States Supreme Court decided *Mathis*, which clarified when and how the categorical approach should be applied to determine whether prior convictions qualified to support sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  This was nearly seven months before Hayes was sentenced.

---

[2] The nature of those convictions is immaterial to the resolution of this petition, which turns on the unavailability of a § 2241 petition to remedy the errors Hayes alleges.
[3] Hayes's criminal history points also put him within criminal history category VI (PSR ¶ 57).

**II.     Analysis**

Hayes now argues that the Court should overturn his sentence because he should not have been sentenced as a career offender and should be resentenced without the career offender finding. To be a career offender under U.S.S.G. § 4B1.1(a) (Supp. 2015), the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." A "crime of violence" and a "controlled substance offense" are defined in U.S.S.G. § 4B1.2(a) and (b) (Supp. 2015), respectively. The presentence investigation report, adopted by the Court, found that the defendant's prior three state convictions qualified as controlled substance offenses. As noted above, this meant the defendant was subject to an advisory guideline range of 151 to 188 months in prison. Had he not been a career offender, his total offense level would have been 27, and he would have been subject to an advisory guideline range of 130 to 162 months in prison.

Hayes takes the position that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) (finding Iowa burglary conviction was not predicate "violent felony" to support enhanced statutory sentencing range under ACCA), and *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020) (finding Illinois conviction for possession with intent to deliver cocaine was not predicate "felony drug offense" to support an enhanced statutory sentencing range under 21 U.S.C. §§ 841(b) and 851), the predicate convictions supporting Hayes's career offender status are not "controlled substance offenses" for career offender purposes. For the following reasons, the Court finds § 2241 is not available to Hayes to raise that argument.

Generally, an inmate must bring a challenge to his sentence in a § 2255 motion in the district of his conviction, *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to

3

attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion "is inadequate or ineffective to test the legality of his detention." A § 2255 motion is "inadequate or ineffective" to raise a challenge if the petitioner did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). This occurs where "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).

*Mathis* is a case involving statutory interpretation of the ACCA, but Hayes could have raised the issue in a § 2255 motion or on a direct appeal. *See Ruth*, 966 F.3d at 650-51 (challenge on direct appeal to career offender predicate convictions). *Mathis* was decided two weeks after Hayes was indicted and nearly seven months before he was sentenced. He clearly could have raised this argument in a direct appeal or a § 2255 motion (had he not waived those rights). Because Hayes had "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence," *In re Davenport*, 147 F.3d at 609, in light of *Mathis*, he cannot now seek relief under § 2241 on that basis.

Additionally and most importantly, any error in finding Hayes a career offender was not grave enough to be deemed a miscarriage of justice, the third *Davenport* factor. Under the post-*Booker* advisory sentencing guidelines, there is no miscarriage of justice as long as the sentence imposed is within the statutory sentencing range. *Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019) (citing *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014); *Hawkins v.*

*United States*, 706 F.3d 820, 824-25 (7th Cir. 2013)); *Baker v. Williams*, No. 20-CV-772-NJR, 2020 WL 6701143, at *3 (S.D. Ill. Nov. 12, 2020) ("an erroneous application of the advisory guidelines does not amount to a 'miscarriage of justice' (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit"); *compare Chazen*, 938 F.3d at 856 (noting error is a miscarriage of justice cognizable in § 2241 where prior conviction erroneously established statutory minimum sentence of 15 years under the ACCA). Thus, while *Mathis* may provide a basis for § 2241 *habeas* relief for a sentence under the ACCA or under mandatory sentencing guidelines, it does not provide a basis for relief for an advisory guideline sentence within the statutory range. *Hanson*, 941 F.3d at 878.

Hayes's sentence was 151 months, well below the 240-month statutory maximum sentence available. In fact, his sentence was also within the *guideline* range he now argues should apply—130 to 162 months. Thus the errors he alleges in his § 2241 motion would not amount to a fundamental miscarriage of justice for which *habeas* relief is available under § 2241. Any difference between the career offender-based advisory guideline range and the alternative range without career offender status is of no import because the Court could still have relied on the prior convictions in exercising its discretion anywhere within the statutory sentencing range.

**III.   Conclusion**

For the foregoing reasons, the Court **DISMISSES with prejudice** Hayes's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly. The Court further finds that Hayes was able to competently represent himself in his petition and that the presence of counsel would not have had a reasonable chance of changing the result of the case. Accordingly, the Court **DENIES** Hayes's request in his motion for appointment of counsel.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  January 11, 2021**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  January 11, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**